UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CLAUDIA HERRINGTON, BOBBY JOE
SQUIRE, IDA LEE KENNEDY, AND
JOSEPH SQUIRE, JR., Individually
and as Survivors and Heirs of
JUNE LOIS SQUIRE, deceased                             PLAINTIFFS

VERSUS                           CIVIL ACTION NO. 5:09cv00003-DCB-JMR

PROMISE SPECIALTY HOSPITAL
AND PROMISE HEALTHCARE, INC.                           DEFENDANTS

**OPINION AND ORDER**

This cause is before the Court on Promise Specialty Hospital and Promise Healthcare, Inc.'s ("the defendants") Two Motions for Summary Judgment **[docket entry nos. 8, 13]**. Having carefully considered the motions, responses thereto, and the applicable law, the Court finds and orders as follows:

The plaintiffs originally filed suit on February 27, 2007, in the Circuit Court of Warren County, Mississippi, alleging professional negligence in the medical care of June Lois Squire, which resulted in severe and permanent injuries and ultimately her death on October 31, 2005. On September 5, 2008, the original action was dismissed for the plaintiffs' failure to give the defendants at least sixty days' prior written notice of their intention to begin a medical malpractice action, as required by

1

Mississippi law.[1]

On September 18, 2008, the plaintiffs issued a notice letter to the defendants stating their intention to file the instant action. On December 3, 2008, more than sixty days after the notice was given, the plaintiffs re-filed their complaint in the Circuit Court of Warren County, Mississippi. The defendants removed the action to this Court based upon diversity jurisdiction on January 12, 2009.

The defendants filed their first Motion for Summary Judgment on April 29, 2009, wherein they argue that the plaintiffs' second action is barred by the statute of limitations. Then, on July 1, 2009, the defendants filed their second Motion for Summary Judgment, asserting that they are entitled to summary judgment based on the plaintiffs' failure to timely designate their expert witnesses. The Court separately considers each of these motions.

1. Statute of Limitations

In their first motion, the defendants assert that the statute of limitations bars the plaintiffs' action. An action for medical malpractice must be brought within two years from the date the alleged act, omission, or neglect occurred or was discovered. MISS.

---

[1] Mississippi Code Annotated § 15-1-36(15) provides as follows:

No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action.

CODE ANN. § 15-1-36(2). Therefore, the plaintiffs must have brought the action, at the latest, by October 31, 2007, two years after the date of death. As noted, the plaintiffs first filed their action on February 27, 2007, clearly within the two year statute of limitations. After the action was dismissed for failure to provide proper notice, the plaintiffs re-filed the suit on December 3, 2008, after the expiration of the limitations period. Accordingly, the defendants argue, the plaintiffs' claims must be dismissed as untimely.

In response, the plaintiffs argue that the Savings Statute, Mississippi Code Annotated § 15-1-69, applies to this case, thereby giving them until September 5, 2009, one year after the date the first action was dismissed, to file a new action based on the same claim. The plaintiffs also assert that equitable tolling applies to further substantiate their position that this action was timely filed.

The Savings Statute provides, in pertinent part,

> If in any action, **duly commenced within the time allowed**, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or **for any matter of form**,...the plaintiff may commence a new action for the same cause, at any time **within one year** after the abatement or other determination of the original suit, or after reversal of the judgment therein...

MISS. CODE ANN. § 15-1-69 (emphasis added). The plaintiffs contend that the Savings Statute applies because the first action was "duly commenced" and was dismissed on jurisdictional grounds, which is a

3

"matter of form." The defendants counter that the first action was neither timely filed nor duly commenced, and the Savings Statute does not apply.

The Mississippi Supreme Court explained the function and importance of the Savings Statute in <u>Hawkins v. Scottish Union & National Insurance Company</u>, 69 So. 710 (Miss. 1915):

> It is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law from loss of his right of action by reason of accident or inadvertence...

<u>Id</u>. at 712. The Court further stated,

> Where the plaintiff has been defeated by **some matter not affecting the merits**, some defect or informality, **which he can remedy or avoid by a new process**, the statute shall not prevent him from doing so, provided he follows it promptly, by a suit within a year.

<u>Id</u>. at 713 (emphasis added).

The Court first considers whether the plaintiffs' action was "duly commenced within the time allowed" as required by the Savings Statute.

While the Mississippi Supreme Court has not specifically addressed the effect that a dismissal for failure to give sixty days' notice of a medical malpractice action has on the statute of limitations, it has given some guidance. Recently, in deciding that failure to give notice meant that the suit was "not lawfully filed" and was of "no legal effect," the Court noted that its decision was not dispositive of the statute of limitations issue. It was the ruling of the Court that the suit was filed **prematurely**.

4

Thomas v. Warden, 999 So. 2d 842, 847 n.3 (Miss. 2008)(emphasis added).

Although not directly addressing the statute of limitations issue, another case that guides this Court's analysis is Williams v. Skelton, 6 So. 3d 428, 431 (Miss. 2009). In Williams, the circuit court granted summary judgment against the plaintiff for her failure to provide notice. After the Court of Appeals affirmed, the Mississippi Supreme Court granted certiorari "to reiterate that dismissal for failure to comply with the pre-suit requirements of [§ 15-1-36(15)] should be **without prejudice**." Williams, 6 So. 3d at 431 (emphasis added). Notably, at the time the circuit court granted summary judgment, the statute of limitations had already expired. Although the Supreme Court did not address the issue, an inference can be made that the Court's insistence that the dismissal be without prejudice demonstrates the Court's opinion that failure to provide notice is a mistake that does not affect the merits of the case, i.e. that notice is a "matter of form" to which the Savings Statute applies, and, therefore, the plaintiff would be allowed to re-file suit within one year of the dismissal.

Dismissal for failure to provide notice is comparable to a dismissal for lack of jurisdiction. Mississippi courts have repeatedly held that dismissal for lack of subject matter jurisdiction is a "matter of form" to which the Savings Statute applies. Crawford v. Morris Transportation, Inc., 990 So. 2d 162,

170 (Miss. 2008); Deposit Guaranty National Bank v. Roberts, 483 So. 2d 348, 353 (Miss. 1986); Hawkins, 69 So. at 712. The Mississippi Supreme Court has described the notice requirement of § 15-1-36(15) as "mandatory and jurisdictional" in the sense that a defendant "need not plead or argue it as a defense." Saul v. Jenkins, 963 So. 2d 552, 554 (Miss. 2007).

In Hawkins, the Court explained that "duly commenced" does not require that the action be commenced in a court having subject matter jurisdiction. Hawkins, 69 So. at 712. The defendants argue that because the first suit was "not lawfully filed" and is of "no legal effect," it was neither timely filed nor duly commenced. Thomas v. Warden, 999 So. 2d at 847. However, with regard to the statute of limitations, the suit was timely filed, albeit prematurely. Also, because the sixty days' notice requirement in the statute is jurisdictional in nature and is a matter of form not affecting the merits, the suit was duly commenced.

In addition, the plaintiffs are correct that equitable tolling applies to this case because it is "bedrock Mississippi law" that filing a complaint tolls the running of the statute of limitations, as long as process is timely served. Owens v. Mai, 891 So. 2d 220, 223 (Miss. 2005); Erby v. Cox, 654 So. 2d 503, 505 (Miss. 1995).

The Mississippi courts have made it clear that failure to provide sixty days' written notice before beginning a medical malpractice action results in dismissal without prejudice. Therefore, had the plaintiffs' first suit been dismissed prior to

the end of the limitation period, the plaintiffs would have been able to provide notice and file a subsequent suit on the same claims. Although the plaintiffs filed their initial complaint in the first case on February 27, 2007, long before the statute of limitations had run, the defendants did not file their Motion to Dismiss and the State Circuit Court did not issue an Order dismissing the first case until after the statute of limitations had run. If this Court were to grant summary judgment in this second claim against defendants because this complaint was filed after the statute of limitations had run, this Court's actions would be akin to punishing the plaintiffs for the defendants delay in filing a Motion to Dismiss in the original suit.

Additionally, the Mississippi Supreme Court's treatment of failure to provide notice as not affecting the merits of the case suggests that the Court, if faced with the instant issue, would hold that the Savings Statute applies and gives the plaintiffs one year from the dismissal of the first suit to file a subsequent suit on the same claims. Accordingly, the defendants' first motion for summary judgment is denied.

2. <u>Failure to Designate Expert Witnesses</u>

In their second motion, the defendants seek summary judgment based on the plaintiffs' failure to timely designate their expert witnesses. The Case Management Order entered in this matter on March 10, 2009, established that the plaintiffs were to designate expert witnesses by June 1, 2009. The defendants filed their

Second Motion for Summary Judgment on July 1, 2009, asserting that thirty days had passed since the deadline for the plaintiffs to designate their experts. The plaintiffs responded with a Motion for Extension of Time to File Expert Designation on July 2, 2009. In their Motion, the plaintiffs claim that during both the Attorney Conference and the Case Management Conference, counsel for the defendants expressed his intent to file a Motion for Summary Judgment based upon the statute of limitations, together with a Motion to Stay discovery while the summary motion was pending in order to potentially save the parties and the Court unnecessary time and expense in litigating the case further. The defendants then filed the Motion for Summary Judgment, and the plaintiffs claim that they were under the mistaken impression that the parties were awaiting a ruling from the Court on the pending and potentially dispositive motion before proceeding with discovery.

District courts have broad discretion in pretrial matters. <u>Campbell v. Keystone Aerial Surveys, Inc.</u>, 138 F.3d 996, 1000 (5th Cir. 1998). Federal Rule of Civil Procedure 6(b) allows a court to extend the time in which an act is to be done "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B). The plaintiffs argue that they did not willfully ignore the Court's deadline for designating expert witnesses, but rather they mistakenly thought the parties were awaiting the Court's ruling on the pending Motion for Summary Judgment before proceeding with discovery. The

defendants do not deny that counsel for defendants expressed his intent to file the Motion for Summary Judgment in order to potentially save the parties unnecessary time and expense in litigating the case.  However, the defendants argue that since the Court did not enter an order staying discovery, and because the Case Management Order clearly set deadlines for discovery and designation of expert witnesses, the plaintiffs should have been fully aware of the pending deadlines and complied with them.

The Fifth Circuit has instructed the District Courts to consider four factors in determining whether the testimony of a late-designated expert witness should be permitted:

1. the importance of the witness's testimony;
2. the prejudice to the opposing party if the witness is allowed to testify;
3. the possibility that a continuance would cure potential prejudice; and
4. the explanation given for the failure to identify the witness.

Campbell, 138 F.3d at 1000.  Looking at each factor individually, first, expert testimony is indispensable to establishing negligence in a medical malpractice action unless the matter is within the common knowledge of laymen.  See Walker v. Skiwski, 529 So. 2d 184, 187 (Miss. 1988)(holding that general rule is that "negligence of a physician may be established only by expert medical testimony"); Phillips v. Hull, 516 So. 2d 488, 491 (Miss. 1987)(holding that in Mississippi, the law demands negligence in a medical malpractice action be proven by medical testimony)(abrogated on other grounds). Second, the defendants will not be prejudiced by allowing the

plaintiffs additional time to designate their expert witnesses because the trial is not set to begin until February 15, 2010. This period of months is sufficient for the Magistrate Judge to extend the discovery deadline if he should choose to do so. Third, should any prejudice to the defendants arise, the Court may exercise its discretion to grant a continuance to cure any such prejudice. Fourth and last, the plaintiffs have convinced the Court that their failure to identify expert witnesses by the deadline was because of excusable neglect. They mistakenly thought the parties were awaiting the Court's ruling on the pending Motion for Summary Judgment before they proceeded with discovery. They also promptly submitted their Motion for Extension of Time when they discovered their mistake. Taken together, the four factors support a determination that the plaintiffs should be allowed additional time to designate their expert witnesses. Accordingly, the defendants' second motion for summary judgment is denied.

In conclusion, for the foregoing reasons,

**IT IS HEREBY ORDERED** that the defendants' first Motion for Summary Judgment **[docket entry no. 8]** is **DENIED**.

**IT IS HEREBY ORDERED** that the defendants' second Motion for Summary Judgment **[docket entry no. 13]** is **DENIED**.

**IT IS FURTHER ORDERED** that this cause be referred to Magistrate Judge John M. Roper for consideration of a possible extension of the deadlines set forth in the Case Management Order.

**SO ORDERED**, this the 30th day of September 2009.

                                                  s/ David Bramlette
                                     **UNITED STATES DISTRICT JUDGE**